IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| **B.R.** by her Next Friend Nora El-Chaer; **L.T.** by his Next Friend S.T.; **A.B.** by his Next Friend C.B., for themselves and all others similarly situated; and **Advocates for Immigrant Rights**,<br><br>**Plaintiffs,**<br><br>v.<br><br>**Margie Quin,** in her official capacity as the Commissioner of the Tennessee Department of Children's Services,<br><br>**Defendant.** | Case No. 3:23-cv-00737<br><br>Judge William L. Campbell, Jr.<br><br>Magistrate Judge Jeffrey S. Frensley |

## AGREED PROTECTIVE ORDER

Plaintiffs and Defendant in this matter anticipate exchanging personally identifying information during the course of discovery in this action. To protect the confidentiality of information produced in this lawsuit and to facilitate prompt resolution of disputes over confidentiality, the Parties have agreed to the terms of this Agreed Protective Order. Accordingly, the Court ORDERS that:

1. **DEFINITIONS.** As used in this Order, the following terms have the meaning indicated:

   a) "Party" or "Parties" means any Plaintiff or Defendant in this action.

   b) As used in this Protective Order, the term "document" shall mean all documents, electronically stored information, and tangible things within the scope of Federal Rules of Civil Procedure 26(a)(1)(A)(ii) and 34(a)(1). A draft or other non-identical copy is a separate document within the meaning of this term.

1

c) "Discovery Material" or "Discovery Materials" means all documents, transcripts, records, and things (in oral, written, or electronic forms) within the scope of Federal Rules of Civil Procedure 34 and discovery in this litigation, including, without limitation, all testimony adduced at depositions, all documents or things responsive to requests for the production of documents and things, all answers to interrogatories, all responses to requests for admissions, and all other discovery requests taken in accordance with the Federal Rules of Civil Procedure, as well as hearing and trial transcripts, matters in evidence, and any other information furnished, directly or indirectly, by or on behalf of any party to this litigation or any third party.

d) "Confidential Material" means any (1) personally identifying information of any individual, i.e., any information that could be used to identify an individual or with respect to which there is a reasonable basis to believe the information could be used to identify the individual, including but not limited to, names of minor Plaintiffs, names of any individual proceeding in this litigation pseudonymously, names of minor Plaintiffs' biological parents, foster parents, caregivers, and/or relatives; dates of birth; social security numbers; or addresses; (2) personal health information; (3) documents containing or reflecting trade secrets or commercial information not publicly known; and (4) any other information required by law or agreement to be kept confidential.

e) "Personal Health Information" is defined as:

    i. health information that relates to

        1. the past, present, or future physical or mental health condition of the individual;

        2. the provision of health care to an individual; and

> > 3. the past, present, or future payment for health care provided; and
> 
> ii. that includes any information that could be used to identify an individual or with respect to which there is a reasonable basis to believe the information could be used to identify the individual.
>
> f) "Agreement to be Bound by Protective Order" means an executed document in the form attached as Exhibit A.
>
> g) "Producing Party" means a Party that produces or discloses Discovery Material in this action or a third party served with a discovery request that produces or discloses Discovery Material in this action.
>
> h) "Receiving Party" means a Party that receives Discovery Material in this action.

**2. MATERIALS TO WHICH THIS ORDER APPLIES.** This Order applies to all Discovery Material produced or exchanged by a Producing Party in this action.

**3. PERSONS AND ENTITIES TO WHICH THIS ORDER APPLIES.** This Order shall bind every Producing Party and Receiving Party, as well as all employees, attorneys, independent contractors, and other persons who receive Discovery Material. This Order shall also bind any future parties to this lawsuit, as well as to their employees, attorneys, independent contractors and other persons over whom the future party has control. Within ten (10) business days of the joinder of any new party, counsel for the Party who joined the new party or requested joinder shall promptly serve a copy of this Order on counsel for the new party.

**4. DESIGNATING MATERIAL AS CONFIDENTIAL.** A Party or Producing Party may designate Discovery Material as Confidential Material if the Party or Producing Party believes in good faith, after reasonable review, that the Discovery Material meets the definition of Confidential Material set forth in Section 1 of this Order. If a Producing Party designates Discovery

3

Material as Confidential Material, the protections of this Order cover not only the Confidential Material itself, but also any information copied or extracted from it, as well as copies, excerpts, summaries, or compilations thereof and testimony, conversations, or presentations by Parties or counsel that might disclose Confidential Material.

a) <u>Manner of Designation.</u> A Party or Producing Party shall designate Discovery Material as "Confidential" in the following manner:

   i. For documents (apart from transcripts of depositions or discovery responses), the Producing Party shall affix "CONFIDENTIAL" on each page that contains Confidential Material in a conspicuous size and location on the page but without interfering with legibility.

   ii. For written discovery responses, the Producing Party shall affix "CONFIDENTIAL" next to or above any response that contains Confidential Material.

   iii. If Discovery Material is produced in a format rendering it impractical to label (e.g., ESI produced in native format or on electronic media), a Producing Party may designate such item as "CONFIDENTIAL" by (1) notifying the Receiving Party in a cover letter to the production, (2) affixing "CONFIDENTIAL" to the outside of the electronic media on which the material is stored, or (3) if applicable, by providing the appropriate designation as a field within the related load file.

   iv. For transcripts of deposition testimony, all such testimony shall be deemed Confidential Material only if designated as such. Such designation shall be specific as to the portions to be designated "CONFIDENTIAL." Depositions, in whole or in part, shall be designated on the record as "CONFIDENTIAL" at the time of the

4

deposition. Deposition testimony so designated shall remain Confidential Material until thirty (30) days after delivery of the final transcript by the court reporter. The Party who wishes to designate deposition testimony as Confidential Material shall, within thirty (30) days after the court reporter issues the final transcript of the deposition, identify in writing to the other Party the specific portions of the testimony designated by page and line number for which protection is sought. Only those portions of deposition testimony designated in writing in accordance with this subsection shall remain covered by this Order. The failure to identify in writing the portions of deposition testimony designated shall waive the "CONFIDENTIAL" designation made on the record of the deposition.

b) <u>Inadvertent Failure to Designate.</u> The production of any document, discovery response, or other item without "CONFIDENTIAL" affixed thereto shall not constitute waiver of the Producing Party's right to designate the item as "Confidential" at a later date. If a Producing Party produces or exchanges any item without the appropriate designation and later decides to designate the item for protection, the Producing Party shall notify counsel for the Receiving Party in writing and provide counsel for the Receiving Party with replacement documents bearing the appropriate designations. Upon receiving written notice of the designation and the replacement items, counsel for the Receiving Party shall return or destroy all copies of the undesignated items and confirm in writing to counsel for the Producing Party that it has done so, except where the items have already been submitted to the Court, introduced at a hearing without protection, or been marked as an exhibit at a deposition. The Receiving Party shall then treat the newly designated items as Confidential Material in accordance with this Order.

5. **USE AND DISCLOSURE OF CONFIDENTIAL MATERIAL.**

   a) <u>Use of Confidential Material.</u> A Receiving Party may use Confidential Material produced or disclosed by another Party only as necessary for the preparation and trial of this case or any related appellate proceeding. A Receiving Party may not use Confidential Material produced or disclosed by another Party for any other purpose. Nothing in this Order shall prevent the disclosure of Confidential Material to counsel for the Parties for use in this case.

   b) <u>Disclosure of Confidential Material.</u> Confidential Material shall not be disclosed to any person or entity other than:

      i. a Party;

      ii. if a Party is a government official, the Party's current employees, as well as any former employee of a Party, but only to the extent counsel determines that the specifically named employee's assistance is reasonably necessary to the conduct of the litigation, and if the employee previously agrees in writing to be bound by this Order pursuant to Exhibit A of this Order;

      iii. counsel for a Party;

      iv. current employees of counsel for a Party who have direct responsibility for assisting counsel in this lawsuit;

      v. expert witnesses and consultants retained by a Party to assist in the preparation and trial of this lawsuit, and if the expert witness or consultant previously agrees in writing to be bound by this Order pursuant to Exhibit A of this Order;

      vi. any mediator hired or appointed to mediate this lawsuit, and any employees of such mediator actively assisting with the mediation;

vii. employees of any copying or document imaging company used by counsel for a Party in the preparation and trial of this lawsuit;

viii. this Court and any Court personnel (and the relevant appellate court and its personnel in the event any appeal is taken), provided that the Confidential Information is filed in accordance with Section 9 herein;

ix. a prospective fact witness that has been disclosed in any Party's initial disclosures, if the witness previously agrees in writing to be bound by this Order pursuant to Exhibit A of this Order;

x. during their depositions or testimony, witnesses in this action to whom disclosure is reasonably necessary and who previously agree in writing to be bound by this Order pursuant to Exhibit A of this Order, provided that witnesses shall not retain a copy of documents containing Confidential Material except as necessary to review deposition transcripts;

xi. qualified persons taking or recording testimony involving such material and necessary stenographic and clerical personal, if this person previously agrees in writing to be bound by this Order pursuant to Exhibit A of this Order; or

xii. other persons by written agreement of the Producing Party, if this person previously agrees in writing to be bound by this Order pursuant to Exhibit A of this Order.

**6.     USE AND DISCLOSURE OF INDEPENDENTLY OBTAINED INFORMATION.**

Nothing in this Order restricts a Party or counsel from using or disclosing: (1) publicly available information or (2) except for any confidential material, use of which is governed by the rest of this Order, information that lawfully came into the possession of the Party independent of any disclosure, exchange, or production of Discovery Material in this lawsuit.

**7.     UNAUTHORIZED USE OR DISCLOSURE OF CONFIDENTIAL MATERIAL.**

Counsel for the Parties shall make reasonable efforts to prevent unauthorized disclosure of Confidential Material. If a Receiving Party learns that it has disclosed Confidential Material to any person or in any manner not authorized by this Order, the Receiving Party must immediately, and in no event more than five (5) days from learning of such disclosure: (1) notify the Producing Party in writing of the unauthorized disclosure; (2) make every reasonable effort to prevent disclosure of the Confidential Material by the unauthorized persons who received such material; (3) use its best efforts to retrieve all copies of the Confidential Material that were disclosed; and (4) inform the persons or entities to whom unauthorized disclosure was made of this Order.

**8.     CHALLENGES TO DESIGNATION OF CONFIDENTIAL MATERIAL.** A Receiving Party may challenge the designation of Confidential Material by giving counsel for the designating Party and Producing Party written notice listing the Confidential Material the Receiving Party challenges and explaining, briefly, the factual and legal basis for the Receiving Party's belief that the Confidential Material should not be designated "Confidential." Such written notice shall be provided to the Producing Party not later than 60 days after the Receiving Party received the Discovery Material at issue. If the Parties cannot agree on the designation of any Confidential Material within thirty (30) days after counsel for the Receiving Party sends such written notice, the Receiving Party may file a motion seeking resolution of the issue with the Court, subject to the provisions of this Order governing the filing of Confidential Material. All Discovery Material designated "Confidential" will be treated as Confidential Material in accordance with this Order unless and until the designating Party and Producing Party agree to remove the "Confidential" designation, or until the Court so orders.

**9. FILING OF CONFIDENTIAL MATERIAL.** A Receiving Party who seeks to file with the Court any deposition transcripts, exhibits, answers to interrogatories, or other documents which have previously been designated as comprising or containing Confidential Material; or any pleading, brief, or memorandum which reproduces, paraphrases, or discloses Confidential Material, shall follow the procedures of this Court for seeking leave to file documents under seal so as to prevent the disclosure of Confidential Material to persons and entities other than those identified in Section 5(b).

**10. RETURN/DESTRUCTION OF CONFIDENTIAL MATERIAL AFTER CONCLUSION OF LAWSUIT.** After final termination of this lawsuit (including any appeals), counsel for the Producing Party may request the destruction or return of all Confidential Material in the possession of the Receiving Party. Once such a request has been made, within thirty (30) days from the date of receiving such a request, the Receiving Party shall destroy or return to counsel for the Producing Party all Confidential Material in its possession, custody, or control. In addition, counsel for the Receiving Party shall provide a written statement to counsel for the Producing Party certifying that all Confidential Material designated by the Producing Party, including any copies thereof, have been returned to the Producing Party or destroyed, provided, however, that counsel for the Receiving Party may retain (1) any attorney work product; and (2) copies of any pleadings, motions, briefs, declarations, affidavits, and deposition transcripts that contain, attach, or append Confidential Material, but only to the extent necessary to preserve a file with respect to this lawsuit.

**11. CLAW BACK OF INADVERTENTLY PRODUCED PRIVILEGED INFORMATION.** Pursuant to Federal Rule of Evidence 502(b), the Parties agree that inadvertent disclosure to another Party of any document that is subject to a legitimate claim that

the document should have been withheld from disclosure based on attorney-client privilege, the work product doctrine, or any other recognized privilege shall not constitute waiver of that privilege. Upon identification of any inadvertently produced information and/or documents, the Producing Party shall provide the Receiving Party written notification identifying the document(s) or information that has been inadvertently disclosed and stating the privilege under which the document(s) or information is allegedly protected. Upon receipt of such written notification, the Receiving Party shall, within three (3) business days, return to the Producing Party each inadvertently disclosed document and any and all copies of that document in the Receiving Party's possession, custody, or control, and use its best efforts to retrieve all copies of the inadvertently disclosed document that the Receiving Party disclosed to other persons or entities. The return of inadvertently disclosed documents under this paragraph shall not prevent any Party from asserting specific objections to any claims of privilege regarding such documents as could normally be made. Nothing in this Protective Order overrides any attorney's ethical responsibilities to refrain from examining or disclosing materials that the attorney knows or reasonably should know to be privileged and to inform the Producing Party that such materials have been produced.

**12.** **NO ADMISSION.** Nothing contained in this ORDER, nor an action taken in compliance with it shall:

a) operate as an admission by any Party that any Discovery Material is, or is not, in fact, Confidential Material;

b) operate as an admission by any Party that Discovery Material is, or is not, admissible evidence;

c) constitute a waiver or estoppel by any party of any defense or claim in this matter.

**13. DURATION OF THIS ORDER.** This Order shall continue to be binding on every person or entity subject to this Order through entry of final judgment in this lawsuit, the disposition of any appeal, and so long as a Receiving Party or its counsel continues to maintain possession of Confidential Discovery Material. All protections of this Protective Order shall remain in full effect in perpetuity.

**14. MODIFICATION.** Any Party may seek an order from the Court modifying the terms of this Order.

**15. SANCTIONS.** Any violation of this Protective Order may subject the violator to sanctions as deemed appropriate by the Court and within the Court's authority.

SIGNED September 19, 2023

Magistrate Judge Jeffery S. Frensley
United States District Court
Middle District of Tennessee

AGREED:

Dated: September 18, 2023        s/ Meredith W. Bowen
                                                         Office of the Attorney General
MEREDITH W. BOWEN (BPR #34044)
JORDAN CREWS (BPR #34541)
TRENTON MERIWETHER (BPR #38577)
Assistant Attorneys General
Healthcare Division
P.O. Box 20207
Nashville, TN 37202-0207
Phone: (615) 741-1366
Phone: (615) 532-7913
Email: Meredith.Bowen@ag.tn.gov
Email: Jordan.Crews@ag.tn.gov
Email: Trenton.Meriwether@ag.tn.gov

**ATTORNEYS FOR DEFENDANT**


Dated: September 18, 2023        s/ Paige Waldrop Mills

BASS, BERRY & SIMS PLC
Paige Waldrop Mills (BPR 016218)
150 Third Avenue South, Suite 2800
Nashville, TN 37201
Phone: (615) 742-6200
Fax: (615) 742-6293
pmills@bassberry.com

CHILDREN'S RIGHTS
Leecia Welch (admitted *pro hac vice*)
Stephen Dixon (admitted *pro hac vice*)
Katrina Braun (admitted *pro hac vice*)
88 Pine Street, Suite 800
New York, NY 10005
Phone: (212) 683-2210
Fax: (212) 683-4015
lwelch@childrensrights.org
sdixon@childrensrights.org
kbraun@childrensrights.org

MCDERMOTT WILL & EMERY LLP
Paul M. Thompson (admitted *pro hac vice*)
Sam C. Neel (admitted *pro hac vice*)
Irene A. Firippis (admitted *pro hac vice*)

The McDermott Building
500 North Capitol Street, N.W.
Washington, DC 20001
Phone: (202) 756-8032
pthompson@mwe.com
sneel@mwe.com
ifirippis@mwe.com

MCDERMOTT WILL & EMERY LLP
Rodney D. Swartz (admitted *pro hac vice*)
650 Live Oak Avenue, Suite 300
Menlo Park, CA 94025-4885
(650) 815-7400
rswartz@mwe.com

**ATTORNEYS FOR PLAINTIFFS**

# EXHIBIT A

## AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

_____ declares that:

I reside at _____in the city of_____, state of _____.

I am currently employed by _____located at _____and my current job title is _____.

I have read and understand the terms of the Protective Order in Civil Action File No. 3:23-CV-00737, pending in the United States District Court for the Middle District of Tennessee. I agree to comply with and be bound by the provisions of the Protective Order. I understand that any violation of the Protective Order may subject me to sanctions by the Court, civil liability, criminal liability, or any combination of the above. I submit myself to the jurisdiction of the United States District Court for the Middle District of Tennessee for the purpose of enforcing or otherwise providing relief relating to the Protective Order.

I shall not divulge any Materials, or copies of Materials, designated "CONFIDENTIAL" obtained in accordance with the Protective Order, or the contents of such Materials, to any person other than those specifically authorized by the Protective Order. I shall not copy or use such Materials except for the purposes of this litigation and in accordance with the terms of the Protective Order.

As soon as is practical, but no later than 30 calendar days after final termination of this litigation, I shall destroy or return any Materials in my possession designated "CONFIDENTIAL" to the attorney from whom I received such Materials. I shall also destroy or return to that attorney, at that time, all copies, excerpts, summaries, notes, digests, abstracts, and indices relating to such Materials.

I declare under penalty of perjury that the foregoing is true and correct.

Executed: _____  Date: _____