IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **B.R.** *et al.*, | ) |
| | ) |
|     **Plaintiffs,** | ) |
| | ) No. 3:23-cv-00737 |
| v. | ) Judge Campbell |
| | ) Magistrate Judge Frensley |
| **MARGIE QUIN, in her** *official* **capacity as the** | ) |
| **Commissioner of the Tennessee Department** | ) |
| **of Children's Services,** | ) |
| | ) |
|     **Defendant.** | ) |

## SETTLEMENT AGREEMENT

Plaintiffs, B.R. by next friend Nora El-Chaer, L.T. by next friend S.T., A.B. by next friend C.B., and Advocates for Immigrant Rights and Defendant Margie Quin, in her official capacity as the Commissioner of the Tennessee Department of Children's Services ("DCS"), (collectively, the "Parties") agree as follows:

1. It is the intent of the Parties to this Settlement Agreement ("Agreement") to fully settle all claims against Defendant that relate to or arise out of the lawsuit filed by Plaintiffs, including the facts and allegations raised in the Complaint;

2. Following the execution of the Agreement by all Parties, the Parties shall submit the Agreement to the Court for approval, along with a joint proposed order seeking dismissal of the case with prejudice and requesting that the Court retain jurisdiction for the sole purpose of enforcing the Agreement if, after good faith discussions between the Parties, Plaintiffs reasonably believe that Defendant is not complying with this Agreement.

1

## I. DEFINITIONS

3. "Foreign-born children" means children who were not born in the United States of America.

4. "Undocumented immigrant children" means children who reside in the United States of America without clear proof of permanent legal immigration status. Clear proof means a U.S. passport, a citizenship or naturalization certificate, or a valid permanent resident card (green card).

5. "United States of America" means the continental United States, Alaska, Hawaii, Puerto Rico, Guam, the Virgin Islands of the United States, and the Commonwealth of the Northern Mariana Islands. 8 U.S.C.A. § 1101.

6. "This Action" means *B.R. et al. v. Quin in her official capacity as Commissioner of the Tennessee Department of Children's Services*, No. 3:23-cv-00737.

## II. TERMS OF AGREEMENT

7. DCS shall establish and implement a policy ("the Policy") and accompanying procedures to ensure that foreign-born children in DCS custody receive planning and support for their immigration-related needs, as set forth below:

   a. DCS will draft and approve the Policy, made public on DCS's website, with terms providing that foreign-born children in DCS custody are identified and tracked, that their documentation status and any removal proceedings are monitored, that DCS attorneys procure the necessary documentation (including Special Immigration Juvenile Status ("SIJS" or "SIJ status") predicate orders), that DCS will make referrals to the Immigration Advocates (see *infra* 7(e)) for all undocumented immigrant children, and that these same children will be made available for all immigration related appointments and court dates, so long as the child's

immigration attorney, if one has been retained, makes DCS aware of those appointments and court dates. For children without an immigration attorney, DCS is responsible for ascertaining the date, time, and location of any immigration related appointments and court dates. The goal of the Policy is that all eligible undocumented immigrant children in DCS custody are able to apply for SIJ status in a timely manner and that these same children are assisted in addressing their potential for removal from the United States. The Policy will apply to DCS employees as well as to employees of private providers who contract with DCS;

b. DCS will draft and implement procedures, based on the Policy described in 7(a), so that case managers, both those employed by DCS and by private providers, are adequately trained to identify foreign-born children (revising all applicable training materials statewide) and to refer them to a team of specialists within the DCS central office;

c. DCS will develop a system for internal data tracking and quality assurance procedures in accordance with the Policy;

d. DCS will establish and implement a centralized, internal team devoted to specializing in immigration related needs for undocumented immigrant children in DCS custody, which will be adequately staffed to support these children with their immigration-related needs pursuant to the Policy;

e. DCS will work with an available network of nonprofit organizations and immigration attorneys statewide ("Immigration Advocates") who are willing and able to serve the specialized needs of undocumented immigrant children in DCS custody in their United States Citizenship and Immigration Services and

3

immigration court proceedings, with the goal that these children receive adequate representation in gaining legal immigration status. DCS will continue to make referrals and monitor the status of these referrals for each child until an immigration attorney or a Department of Justice Accredited Representative under 8 C.F.R. § 1292.1(a)(4) is retained for the child. Once an immigration attorney or Accredited Representative is retained for a child, DCS will respond in a timely manner to the attorney's/representative's requests for information, documents, and signatures that are necessary in pursuing permanent legal immigration status;

f. DCS will prioritize eligible older undocumented immigrant children in DCS custody and will work to procure SIJS predicate orders for those children so that the orders are obtained prior to the children's 18th birthdays.

8. DCS shall provide Plaintiffs' counsel with a copy of the Policy once it is formally approved, which shall occur within four months of the Court's approving this signed settlement agreement, as well as a description of the team created to specialize in supporting all undocumented immigrant children in DCS custody, described in 7(d) *supra*.

## OTHER PROVISIONS

9. Upon dismissal of this Action, Defendant shall pay Plaintiffs' counsel $75,000 in attorneys' fees. Defendant will make best efforts to ensure payment is received as soon as possible following dismissal of the case.

10. Defendant does not admit any liability in this Action. Defendant expressly and unequivocally denies that DCS has violated any state or federal law.

11. The provisions of this Agreement are severable. If any court holds any provision of this Agreement invalid, that invalidity shall not affect the other provisions of the Agreement.

12. This Agreement shall be binding upon any successor(s) of Plaintiffs and Defendant. The obligations of Defendant set forth in this Agreement are binding whether they are performed, delivered, implemented, or managed directly by the Defendant's employees or by private providers under contract, grant, or subcontract.

13. Upon this Agreement's approval as a final order by the Court, all of Plaintiffs' claims based on the allegations set forth in the Complaint shall be dismissed with prejudice. Nothing herein shall restrict any claims that Plaintiffs may have based on conduct not covered by the claims in this Action.

Entered this 1st day of December 2023.

/s/ _____
Leecia Welch
Katrina Braun
Stephen Dixon
Eleanor Roberts
Children's Rights, Inc.
88 Pine Street, Suite 800
New York, NY 10005
lwelch@childrensrights.org
kbraun@childrensrights.org
sdixon@childrensrights.org
eroberts@childrensrights.org

Paige Waldrop Mills
Bass, Berry & Sims (Nashville Office)
150 Third Avenue South, Suite 2800
Nashville, TN 37201

Irene A. Firippis
Paul M. Thompson
Rodney D. Swartz
Sam C. Neel

5

Bailey Sanders
McDermott, Will & Emery LLP 500
N. Capitol Street NW Washington, DC
20001-1531
*Attorneys for Plaintiffs*


On behalf of Defendant:

JONATHAN SKRMETTI
ATTORNEY GENERAL & REPORTER

*/s/ Meredith W. Bowen*
MEREDITH W. BOWEN (BPR #34044)
JORDAN CREWS (BPR #034541)
Senior Assistant Attorneys General
TRENTON MERIWETHER (BPR #38577)
Assistant Attorney General
Office of the Tennessee Attorney General
P.O. Box 20207
Nashville, TN 37202-0207
(615) 741-1366
Meredith.Bowen@ag.tn.gov
*Counsel for Defendant*

6

**CERTIFICATE OF SERVICE**

        I hereby certify that on this December 19, 2023, a true and correct copy of the foregoing Settlement Agreement has been served via the Court's electronic filing system.

Irene A. Firippis
Paul M. Thompson
Rodney D. Swartz
Sam C. Neel
McDermott, Will & Emery LLP (DC Office)
500 N. Capitol Street NW
Washington, DC 20001-1531
ifirippis@mwe.com
PThompson@mwe.com
rswartz@mwe.com
Email: sneel@mwe.com

Katrina Braun
Leecia Welch
Stephen Dixon
Eleanor Roberts
Children's Rights, Inc.
88 Pine Street, Suite 800
New York, NY 10005
kbraun@childrensrights.org
lwelch@childrensrights.org
sdixon@childrensrights.org
eroberts@childrensrights.org

Paige Waldrop Mills
Bass, Berry & Sims (Nashville Office)
150 Third Avenue South, Suite 2800
Nashville, TN 37201
pmills@bassberry.com

*Attorneys for Plaintiffs*

                                            */s/ Meredith W. Bowen*
                                            MEREDITH W. BOWEN
                                            Senior Assistant Attorney General