UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| **B.R.** *et al.*, | ) | |
| | ) | |
|     **Plaintiffs,** | ) | |
| | ) | No. 3:23-cv-00737 |
| v. | ) | Judge Campbell |
| | ) | Magistrate Judge Frensley |
| **MARGIE QUIN, in her *official* capacity as the Commissioner of the Tennessee Department of Children's Services,** | ) ) ) | |
| | ) | |
|     **Defendant.** | ) | |

**MEMORANDUM IN SUPPORT OF JOINT MOTION TO GRANT
APPROVAL OF THE PARTIES' SETTLEMENT AGREEMENT**

This action involves immigrant children in the custody of the Tennessee Department of Children's Services ("DCS"). Three of those children, as well as the organization Advocates for Immigrant Rights, filed this lawsuit in July 2023, claiming a property interest in applying for Special Immigrant Juvenile Status and alleging that Defendant Margie Quin, in her official capacity as the DCS Commissioner, had deprived them of that alleged property interest without due process by not helping them obtain it and by maintaining policies and practices that impeded their independent attempts to obtain it.

After Plaintiffs filed suit, the Parties considered each side's relative strengths and weaknesses and began negotiating. *See* Declaration of Leecia Welch in Support of Joint Motion to Grant Approval of the Parties' Settlement Agreement. ("Decl. of Leecia Welch") Following months of discussions protected by Fed. R. Evid. 408, the Parties reached the filed Settlement

1

Agreement (Doc. No. 37) for which they sought this Court's approval (Doc. No. 38). *See* Decl. of Leecia Welch.

To approve the Settlement Agreement and incorporate it by reference in its Final Order, this Court must determine whether it is "fair, adequate, and reasonable, as well as consistent with the public interest." *United States v. Cnty. of Muskegon*, 298 F.3d 569, 581 (6th Cir. 2002) (quotations omitted).

The Settlement Agreement embodies the crux of what Plaintiffs sought and what DCS has been seeking to accomplish for the immigrant children. *See* Decl. of Leecia Welch; Declaration of Advocates for Immigrant Rights in Support of Joint Motion to Grant Approval of the Parties' Settlement Agreement ("Decl. of AIR"); Declaration of Nora El-Chaer in Support of Joint Motion to Grant Approval of the Parties' Settlement Agreement ("Decl. of Nora El-Chaer"); Declaration of S.T. in Support of Joint Motion to Grant Approval of the Parties' Settlement Agreement ("Decl. of S.T."); Declaration of C.B. in Support of Joint Motion to Grant Approval of the Parties' Settlement Agreement ("Decl. of C.B"); Declaration of Paige Waldrop Mills ("Decl. of Paige Mills"); Declaration of Paul M. Thompson ("Decl. of Paul Thompson"). The terms of the Settlement Agreement apply to all immigrant children in DCS's custody, including named Plaintiffs, and requires DCS to—"[e]stablish and implement policies and procedures to ensure that":

1. "children in DCS custody receive the benefit of support and planning for immigration-related needs and transitional services," (Doc. No. 1, Compl., Prayer for Relief (d)(i); *cf.* Doc. No. 37, Settlement, ¶ 7);

2. "DCS case managers receive adequate training on immigration issues impacting youth in DCS's care," (Prayer for Relief (d)(ii); *cf.* Settlement, ¶ 7(b), (d));

3. "eligible youth are able to seek SIJS and other immigration relief in a timely manner," (Prayer for Relief (d)(iii); *cf.* Settlement, ¶ 7(c), (f));

4. "the needs of youth [in DCS's custody] facing potential removal" are addressed, (Prayer for Relief (d)(iv); *cf.* Settlement, ¶ 7(a), (e)); and

5. "DCS does not otherwise obstruct [immigrant youth in its custody] from pursuing immigration relief," (Prayer for Relief (d)(v); *see generally*, Settlement, ¶ 7).

The Parties agree that these terms are fair, reasonable and adequate and in the best interest of Plaintiffs, as well as all immigrant children in DCS's custody. *See* Decl. of Leecia Welch; Decl. of AIR; Decl. of Nora El-Chaer; Decl. of S.T; Decl. of C.B; Decl. of Paige Mills; Decl. of Paul Thompson. These terms are also in the public interest, as they will promote permanency for immigrant foster children and allow those children to obtain employment and otherwise transition successfully to adulthood. Decl. of Leecia Welch; Decl. of AIR; Decl. of Nora El-Chaer; Decl. of S.T; Decl. of C.B; Decl. of Paige Mills; Decl. of Paul Thompson.

In addition, the Jointly Proposed Agreed Order of Dismissal (Doc. No. 38, "Proposed Order") states that the Court "shall retain jurisdiction for the sole purpose of enforcing the Agreement," as was contemplated by the Supreme Court in *Kokkonen v. Guardian Life Ins. Co. of America*. "[I]f the parties' obligation to comply with the terms of the settlement agreement had been made part of the order of dismissal—either by separate provision (such as a provision 'retaining jurisdiction' over the settlement agreement) or by incorporating the terms of the settlement agreement in the order…. [then] a breach of the agreement would be a violation of the order, and ancillary jurisdiction to enforce the agreement would therefore exist." 511 U.S. 375, 381 (1994); *see also Pedreira v. Sunrise Children's Servs., Inc.*, 802 F.3d 865, 871 (6th Cir. 2015).

3

As part of the negotiated Settlement Agreement, the Parties also agreed that the suit would be dismissed with prejudice, (Proposed Order), and that Defendant would pay $75,000 in attorney's fees to Plaintiffs, (Settlement Agreement, ¶ 9); *See* Decl. of Leecia Welch, ¶¶ 25-28; Decl. of Paige Mills, ¶¶ 5-6; Decl. of Paul Thompson ¶¶ 5-6.

As a general matter, parties to a case are permitted to agree on the amount of attorneys' fees as part of a negotiated settlement. *See Ne. Ohio Coal. For Homeless v. Sec'y of Ohio*, 695 F.3d 563, 569 (6th Cir. 2012). In this case, counsel for both Parties agree that reaching this injunctive settlement, including the negotiated fees amount, well serves their clients' interests. Plaintiffs secured broad relief, and, by resolving all issues in the case at this early stage, the Parties avoided the significant expense and delay of preparing and arguing dispositive motions, beginning discovery, and pursuing other aspects of continued litigation. *See* Decl. of Leecia Welch ¶ 27.

The Parties respectfully request that the Court approve their Settlement Agreement, incorporating the Settlement's terms by reference as set forth in the Jointly Proposed Order of Dismissal.

Respectfully submitted,

JONATHAN SKRMETTI
ATTORNEY GENERAL & REPORTER

*/s/ Meredith W. Bowen*
MEREDITH W. BOWEN (BPR #34044)
JORDAN CREWS (BPR #34541)
TRENTON MERIWETHER (BPR #38577)
Office of the Tennessee Attorney General
P.O. Box 20207
Nashville, TN 37202-0207
Phone: (615) 741-1366
Meredith.Bowen@ag.tn.gov

*Counsel for Defendant*

/s/ Leecia Welch

Leecia Welch
Katrina Braun
Stephen Dixon
Eleanor Roberts
Children's Rights, Inc.
88 Pine Street, Suite 800
New York, NY 10005
Phone: (212) 683-2210
lwelch@childrensrights.org
eroberts@childrensrights.org
sdixon@childrensrights.org
kbraun@childrensrights.org

Paige Waldrop Mills
Bass, Berry & Sims (Nashville Office)
150 Third Avenue South, Suite 2800
Nashville, TN 37201
Phone: (615) 742-6200
pmills@bassberry.com

Irene A. Firippis
Paul M. Thompson
Rodney D. Swartz
Sam C. Neel
Bailey Sanders
McDermott, Will & Emery LLP
500 N. Capitol Street NW
Washington, DC 20001-1531
Phone: (202) 756-8032
ifirippis@mwe.com
sneel@mwe.com
pthompson@mwe.com
rswartz@mwe.com

*Attorneys for Plaintiffs*

5

## CERTIFICATE OF SERVICE

I hereby certify that on this February 1, 2024, a true and correct copy of the foregoing Memorandum in Support of Joint Motion to Approve the Settlement Agreement has been served via the Court's electronic filing system.

Jordan K. Crews
Meredith Wood Bowen
Trenton Meriwether
Office of the Tennessee Attorney General
P.O. Box 20207
Nashville, TN 37202-0207
Jordan.cres@ag.tn.gov
Meredith.Bowen@ag.tn.gov
Trenton.meriwether@ag.tn.gov

*Counsel for Defendant*

                                                  */s/ Leecia Welch*
                                                  Leecia Welch